FILED

2003 DEC -2 P 1: 52

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| Beecher A. Larson,<br>    Plaintiff, | : | |
| v. | : | CIVIL ACTION NO. 303cv00209<br>CFD |
| Short Beach River Marina, LLC<br>David Massey<br>Clayton Massey<br>Robert Kenny<br>    Defendants | : | DATE:   December 1, 2003 |

REPORT RE: STATUS

A.  **Nature of the Case**

   1.  **The Parties**

   The Plaintiff is an individual who owns a 24 foot sailboat. The corporate defendant owns and operates a marina. The individual defendants are members, owners, managers of the corporate marina.

   2.  **Relief Requested**

   The Plaintiff requests money damages for damage to the sailboat, punitive damages for unfair and unscrupulous business practices and attorney fees available under CUTPA.

   3.  **Jurisdiction**

   This is an admiralty or maritime claim within the meaning of Rule 9(h) and is an action for recovery of possession of vessel under Fed R Civ P Rule 9(h), FRCP Supplemental Rule D. Accordingly, this court has jurisdiction pursuant to Fed R Civ P Rule 9(h) and FRCP Supp Rule A & D. Jurisdiction over Connecticut state claims is invoked pursuant to the doctrine of pendant claims; by the common law of Connecticut..

4. **Claims of Plaintiff**

Defendants allowed plaintiff's sailboat to become frozen in the ice when they were under verbal contract to put the boat on the plaintiff's trailer for the winter. When Plaintiff purchased and installed a D-ICER machine which kept the water ice free, the defendants unplugged the D-ICER and again allowed the boat to freeze in the ice. Then defendants barricaded the dock blocking plaintiff's access to the boat. When the ice cleared the defendants removed the boat from the water, hanging in the air on the travel lift. After repeated demands were made to release the boat the defendants continued to hold it hostage until May 3, 2003 when the defendants released possession of the boat to the plaintiff. The plaintiff's damages are damage to the boat itself from the freezing, scrapping and pressure from the ice, damage to the boat itself caused by the defendants negligent handling of the boat and the cost of the D-ICER system. In addition the plaintiff seeks damages for loss of use of the boat, punitive damages and attorney's fees.

5. **Defenses and Claims of Defendant**

he Plaintiff and the Defendants did not have a contract to store the Plaintiff's boat for the winter. The Plaintiff failed to pay the Defendants for storage of the boat at the marina. The Plaintiff further failed to pay for the electricity required to operate the D-ICER. The Defendants have a valid lien against the boat for services rendered to the Plaintiff for which the Plaintiff has not paid. Finally, the individual defendants are not personally liable for the obligations of the Short Beach River Marina, LLC.

6. **Pending Motions**

Plaintiff's Motion for Contempt dated April 22, 2003
Plaintiff's Motion to Compel dated June 25, 2003

7. **Jury Trial**

The matter will be tried to a jury

B. **Discovery**

1. **Plaintiff's Discovery is not complete**

Plaintiff served interrogatories and production requests on April 22, 2003. Plaintiff filed a Motion to Compel on June 25, 2003 which has not been acted on. This past week, seven months late, the plaintiff received some answers, but no document production. The answers received left many further questions. Followup interrogatories will be filed.

2. **Additional Time Needed**

The plaintiff will need six additional months to submit followup interrogatories and obtain complete answers and production from his first set.

3. **Scheduling Order Modification Needed**

The plaintiff will move that the Scheduling Order be Modified in the following manner.

>Discovery extended till July 2004.
>Dispositive Motions extended until September 2004

C. **Settlement**

1. The last conference was on August 19, 2003 and held by the Honorable Magistrate Judge Thomas Smith.

2. The Plaintiff owes no outstanding reports regarding the settlement.

3. Further Settlement Conference.

Until the defendants comply with the outstanding production requests, and timely respond to follow up discovery requests, the plaintiff does not believe further settlement conferences will be beneficial at this time

D. **Trial Preparation**

1. The case will be ready for trial in late 2004.

2. Additional preparation may include the plaintiff amending his complaint to include a count for fraudulent conveyance. It seems that the corporate entity has sold its one asset, the Marina, and has distributed the funds to the corporate members leaving the corporate entity pennyless.

3. Additional pleadings will include Motions to Compel, Motions to Amend Complaint and perhaps a Motion for Summary Judgment.

4. A joint trial memorandum has not been filed. It is due on April 1, 2004.

5. Additional pleadings will include:

>Motions to Extend Time in Case Management Report
>Motions to Compel
>Motions to Amend Complaint

-3-

Motion for Summary Judgment

        The Plaintiff
        Beecher A. Larson

        By Robert Solari
        His Attorney
        130 Sunrise Hill Road
        Norwalk, CT 06851
        203-845-0018
        Ct. 04380

## **CERTIFICATION**

This is to certify that the a copy of the foregoing Report of Parties Planning Meeting were sent, via U.S. Mail, postage prepaid, this 1st Day of ___December___ 2003, to the following:

Tom E. Byrne
Fasano, Ippolito and Lee
388 Orange Street
New Haven, CT 06511

James F. Cirillo, Jr.
Attorney at Law
500 East Main Street, Suite 208
Branford, CT 06405

_____
Robert Solari