**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

FILED

Beecher A. Larson,
      Plaintiff

2003 DEC -5  P  1: 55

vs.

CIVIL ACTION NO.
303CV00209 CFD

Short Beach River Marina, LLC
David Massey
Clayton Massey
Robert Kenney
      Defendants

DECEMBER 2, 2003

## STATUS REPORT

### A. NATURE OF THE CASE

#### 1.    The Parties

The Plaintiff is an individual who owns a 24 foot sailboat.  The corporate defendant owns and operates a marina.  The individual defendants are members, owners, managers of the corporate marina.

#### 2.    Relief Requested

The Plaintiff requests money damages for damage to the sailboat, punitive damages for unfair and unscrupulous business practices and attorney fees available under CUTPA.

#### 3.    Jurisdiction

This is an admiralty of maritime claim within the meaning of Rule 9(h) and is an action for recovery of possession of vessel under Fed R Civ P Rule 9(h), FRCP Supplemental Rule D.  Accordingly, this court has jurisdiction pursuant to Fed R Civ P Rule 9(h) and FRCP Supp Rule A & D.  Jurisdiction over Connecticut state claims is invoked

pursuant to the doctrine of pendant claims; by the common law of Connecticut.

**4.     Claims of Plaintiff**

Defendants allowed plaintiff's sailboat to become frozen in the ice when they were under verbal contract to put the boat on the plaintiff's trailer for the winter. When Plaintiff purchased and installed a D-ICER machine which kept the water ice free – defendants unplugged the D-ICER and again allowed the boat to freeze in the ice. Then defendants barricaded the dock blocking plaintiff's access to the boat. When the ice cleared – the defendants removed the boat from the water, hanging it in the air on the travel lift, after repeated demands were made to release the boat the defendants continued to hold it hostage until May 3, 2003 when the defendants released possession of the boat to the plaintiff. The plaintiff's damages are damage to the boat itself from the freezing scrapping and pressure from the ice, damage to the boat itself caused by the defendants negligent handling of the boar and the cost of the D-ICER system. In addition the plaintiff seeks damages for loss of use of the boat, punitive damages and attorney's fees.

**5.     Defenses and Claims of Defendant**

The Plaintiff and the Defendants did not have a contract to store the Plaintiff's boat for the winter. The Plaintiff failed to pay the Defendants for storage of the boat at the marina. The Plaintiff further failed to pay for the electricity required to operate the D-ICER. The Defendants have a valid lien against the boat for services rendered to the Plaintiff for which they Plaintiff has not paid. The Plaintiff has been in possession of the vessel since May 3, 2003. Finally, the individual defendants are not personally liable for the obligations of the Short Beach River Marina, LLC.

**6.    Pending Motions**

Plaintiff's Motion for Contempt dated April 22, 2003
Plaintiff's Motion to Compel dated June 25, 2003

**7.    Jury Trial**

The matter will be tried to a jury

## B. DISCOVERY

**1.    Plaintiff's Discovery is not complete**

Plaintiff served interrogatories and production requests on April 22, 2003. Plaintiff filed a Motion to Compel on June 25, 2003 which has not been acted on. This past week, seven months late, the plaintiff received some answers, but no document production. The answers received left many further questions. Followup interrogatories will be filed.

**2.    Additional Time Needed**

The plaintiff will need six additional months to submit followup interrogatories and obtain complete answers and production from his first set.

**3.    Scheduling Order Modification Needed**

The plaintiff will move that the Scheduling Order be Modified in the following manner.

Discovery extended until July 2004
Dispositive Motions extended until September 2004

## C. SETTLEMENT

**1.**    The last settlement conference was on August 19, 2003 and held by the Honorable Magistrate Judge Thomas Smith.

**2.**    The plaintiff owes no outstanding reports regarding the settlement.

**3.**    Further Settlement Conference

Until the defendants comply with the outstanding production requests, and timely respond to follow up discovery requests, the plaintiff does not believe further settlement conferences will be beneficial at this time.

## D.  TRIAL PREPARATION

**1.**    The case will be ready for trial in late 2004.

**2.**    Additional preparation may include the plaintiff amending his complaint to include a count for fraudulent conveyance.  It seems that the corporate entitly has sold its one asset, the Marina, and has distributed the funds to the corporate members leaving the corporate entity penniless.

**3.**    Additional pleadings will include Motions to Compel, Motions to Amend Complaint and perhaps a Motion for Summary Judgment.

**4.**    A joint Trial Memorandum has not been filed.  It is due on April 1, 2004.

**5.**    Additional pleadings will include:

Motions to Extend Time in Case Management Report
Motions to Compel
Motions to Amend Complaint
Motion for Summary Judgment

## E.  AGREEMENT OF THE PARTIES

**1.**    Both parties agree to all of the foregoing information provided, the parties disagree as to the inclusion of the following, which the defendant would like to add to the jurisdiction section.

Magistrate Smith made reference to jurisdiction issues in his Settlement Conference

Memorandum and Order dated August 20, 2003 and the parties submitted briefs on the issue.

The plaintiff's vessel was returned to him on May 3, 2003. As a result, the plaintiff is no longer seeking recovery of his vessel. The only remaining claims involve the state law claims for damages and CUTPA. Magistrate Smith requested that the parties submit briefs regarding whether the District Court should continue to maintain jurisdiction over this matter. Both parties submitted briefs on or about September 30, 2003.

THE DEFENDANTS
SHORT BEACH RIVER MARINA, LLC
DAVID MASSEY
CLAYTON MASSEY
ROBERT KENNEY

BY _____    12/3/03
　　TIMOTHY J. LEE, ESQ.    DATE
　　FASANO, IPPOLITO & LEE, LLC
　　388 ORANGE STREET
　　NEW HAVEN, CT 06511
　　203- 787-6555
　　CT#15118

## CERTIFICATE OF SERVICE

This is to certify that the foregoing Status Report was sent via facsimile transmission this _____ day of _____, 2003 to the following:

Robert A. Solari, Esq.
130 Sunrise Hill Road
Norwalk, CT 06851

Timothy J. Lee, Esq.