UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| Beecher A. Larson | ) |
|     Plaintiff | ) |
| | )   Civil Action No. 303CV00209CFD |
| v. | ) |
| | ) |
| Short Beach River Marina, LLC | ) |
| David Massey | ) |
| Clayton Massey | ) |
| Robert Kenney | ) |
|     Defendants | ) |

### Reply to Order to Show Cause

**Background**:

    Plaintiff Larson kept his sailboat in a slip at the defendant's marina. The defendant failed to remove the boat and it froze in the ice. Plaintiff bought and installed an electric D-Icer which kept the area ice-free. The defendant Kenney unplugged the D-Icer, turned off the electricity and barricaded the dock purposely causing the ice to reform. The Honorable Peter Dorsey ordered that the power be restored and the area be kept ice free. Defendants did not obey Judge Dorsey's order and the boat remained frozen in the ice. When the weather cleared, defendants removed the boat and held it hostage in the travel-lift stating they would only return it if Larson released them from liability. The boat was returned in the Spring when the defendant needed the Travel-Lift for other boats. The boat sustained damage from the ice and has not been used since.

**Settlement Conference**:

    This year three settlement conferences were scheduled. The first was on August 9, 2005 which was cancelled after Larson had traveled to Connecticut from Florida to attend. The second was on

October 14th which Larson did attend. The third conference was on December 8th, which the undersigned mis-scheduled on his calendar.

At the October 14th conference, Larson spent about an hour presenting his case and damages, allowing Defendant's counsel to question him as though it was a deposition. The defendant's only stated that ice formation is an Act-of-God and made no counter-offer. The following day the defendants requested a written list of damages, which was sent; defendants have not responded.

**Good Cause**

Plaintiff has made substantial efforts to settle this case and should not have his case dismissed because of a scheduling mistake made by his counsel. That mistake was by recording the settlement date as December 19, 2005 rather than December 8, 2005. The undersigned apologizes to this Court and to the defendants for this mistake. As proof of this mistake, the undersigned as a matter of practice sends a courtesy letter or makes telephone call to the defendant's counsel about a week prior to such hearing, reminding them of a pending hearing or deadline. Prior to the December 8th settlement conference, the undersigned made no such contact, as date for the conference was incorrectly recorded on the undersigned's calendar.

In addition, in early December, Mr. Larson had just learned that his wife was just diagnosed with cancer, and has been with her every day as she undergoes treatment. Mr. Larson and I have spoken several times in early December about the disease, as my girlfriend has been undergoing similar treatments for several years. Believing that the hearing was on December 19, 2005, I had not yet requested a continuance because of Mr. Larson's unavailability due to his wife's urgent medical needs.

The undersigned has spoken to Attorney Tim Lee, counsel for the defendants and he agrees that further settlement discussions continue should continue.

WHEREFORE, the plaintiff does believe that a settlement conference would be beneficial and prays that the action not be dismissed.

Respectfully submitted,

                          The Plaintiff
                          Beecher A. Larson

                          By: Robert A. Solari
                          His Attorney
                          130 Sunrise Hill Road
                          Norwalk, CT 06851
                          (203) 845-0018
                          CT04380